process against the thing; for that being in possession of the court a new arrest is unnecessary. In proceedings in rem, when the res is in the custody of the law, it is retained by the court in usum jus habentium, for lien or privileged creditors, who have jus in re, as well as for those who have a general or unqualified jus proprietatis subject to these liens. In regard to these privileged creditors, the thing itself is considered a debtor, and they may present their claims and have them allowed and paid from the proceeds of a sale. This is the familiar practice of the admiralty after a decree and satisfaction of the first libel, when there are remnants and surpluses remaining in the court. And I can see no reason, in principle or convenience, against allowing the same claims against the res before a decree, and such has been the practice in this district. Hull of a New Ship [Case No. 6,859]. The rights of the creditor are the same against the whole as against the remnants. If the claims stand in different ranks of privilege they are marshaled and paid according to their priorities. If they hold the same rank they are paid concurrently, without regard to the time when the debt was incurred, or the time when the suits were commenced. "Privilegia non ex tempore aestimantur sed ex causa; et si ejusdem tituli fuerunt concurrunt, licet diversitatis temporis in his fuerint." Dig. 42, 5, 32. It is true that a distinction is made by the English court of admiralty, which will allow payments to be made from the remnants on claims, over which the court will not take jurisdiction in an original suit against the thing. But the distinction rests on no intelligible principle. It has been adopted only in obedience to the common law courts and under the duress of prohibition. It should not be followed in this country. Whether, if the owner has the ship restored to him on a stipulation for her full value, the creditors may have the same remedy on the stipulation, that they have against the ship when that is retained in the custody of the law, is a question that has not, to my knowledge, been decided. No satisfactory reason occurs to me why they may not. The stipulation is a substitute for the thing. The owner is allowed to have the possession and use restored on his leaving an equivalent, and, having provided that, there is no reason why his possession should again be disturbed by lien claims existing at the time of the stipulation. If the whole amount of the stipulation is exhausted and paid, it amounts substantially to a re-purchase of the vessel discharged of the liens. If any technical difficulty arises from the form of the instrument, this is an objection not favored in the admiralty, especially in the construction of instruments like this taken by order of the court in the interest of justice. Lane v. Townsend [Case No. 8,054]. At any rate it may easily be obviated by a slight alteration in the terms of the instrument.

30 Fed.Cas.—56

## Case No. 18,183.

### YOUNGER v. GLOUCESTER MARINE INS. CO.

[See Case No. 5,487.]

## Case No. 18,184.

### YOUNGFALL v. The JAMES GUY.

[The case reported under above title in 5 Int. Rev. Rec. 68, is the same as Case No. 7,-195.]

## Case No. 18,185.

### YOUNGS v. NEW YORK.

[The case reported under above title in 8 Reporter, 298, is the same as Case No. 4,758.]

YOUNGS (SICKELS v.). See Case No. 12,838.

YOUNGS (UNITED STATES v.). See Case No. 16,783.

## Case No. 18,186.

### The YOUNG SAM.

[1 Brunner, Col. Cas. 600;[1] 2 Flip. 440; 20 Law Rep. 608.]

Circuit Court, D. Maine.    April Term, 1857.

MARITIME LIEN FOR MATERIALS—REQUISITES.

The party claiming a lien on a vessel for materials must show that the contract under which the materials were furnished had reference to some particular vessel, for the construction or repair whereof said materials were to be used.

[Cited in The General Burnside, 3 Fed. 229; The James H. Prentice, 36 Fed. 781.]

[Appeal from the district court of the United States for the district of Maine.]

In admiralty.

Mr. Butler, for appellant.

Mr. Shepley, for claimant.

CURTIS, Circuit Justice. This is an appeal from a decree of the district court, dismissing a libel filed in that court to assert a lien on a vessel for the price of materials used in its construction.

The material facts which I deduce from the proofs are, that in January, 1855, the claimant contracted in writing with one Edmund Merrill, for timber for the keel, shoe, floor timbers, naval timbers, foot-hooks, and risers, sufficient for a ship of about nine hundred tons, and agreed to pay therefor by conveying to Merrill in fee a certain shipyard and the buildings thereon. To enable himself to perform this contract, Merrill contracted with the libelant for the timber, for the price whereof the lien is claimed. This timber was put on to railroad cars by the libelant, consigned to the claimant at Portland, who obtained a delivery order from the railroad company, and directed the cars to

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]